IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT LASSITER** <br> *Plaintiff-pro se* <br> <br> v. <br> <br> **CITY OF PHILADELPHIA,** *et al.* <br> *Defendants* | : CIVIL ACTION <br> : <br> : NO. 14-0239 <br> : <br> : <br> : <br> : <br> : |

NITZA I. QUIÑONES ALEJANDRO, J.                                               FEBRUARY 25, 2015

# MEMORANDUM OPINION

## INTRODUCTION

On January 6, 2015, this Court issued an Order directing Plaintiff Robert Lassiter ("Plaintiff") to file and serve a response to Defendants' motion for summary judgment by February 20, 2015, and warned Plaintiff that his failure to do so would be deemed "a failure to prosecute" and would result in the entry of judgment against him pursuant to Federal Rule of Civil Procedure (Rule) 41(b) and an order granting Defendants' motion for summary judgment, as unopposed, without a merits analysis. [ECF 14]. As of the date of this Memorandum Opinion, Plaintiff has neither complied with nor responded to that Order in any manner. Consequently, after having carefully considered and weighed the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), Plaintiff's complaint is dismissed, with prejudice, for failure to prosecute under Rule 41(b) and judgment is entered against Plaintiff and in favor of Defendants, the City of Philadelphia (the "City") and Police Officers Richard Holland and Ned Felici (collectively "Defendants").

## BACKGROUND

On January 15, 2014, Plaintiff filed a counseled complaint against the City, Richard Holland and a John Doe defendant[1] alleging claims for excessive force, bystander liability, and conspiracy under 42 U.S.C. §1983. [ECF 1]. On May 15, 2014, counsel for both Plaintiff and Defendants attended a pretrial conference convened pursuant to Rule 16, at the conclusion of which this Court entered a Scheduling Order. [ECF 6 and 7]. On July 25, 2014, Plaintiff's counsel filed a petition for leave to withdraw as counsel, [ECF 9], which was granted by Order dated August 22, 2014, that also stayed the matter for thirty (30) days to allow Plaintiff to obtain new counsel. [ECF 10].

Pursuant to the Scheduling Order, [ECF 7], on December 8, 2014, Defendants filed a motion for summary judgment. [ECF 11]. Under the Scheduling Order, Plaintiff's opposition to that motion was due on December 22, 2014. Plaintiff never responded to Defendant's summary judgment motion nor sought additional time in which to do so.

By Order dated December 9, 2014, the parties and/or their counsel were directed to attend a final pretrial conference on February 12, 2015, and to file pretrial memoranda ten (10) days prior to the conference. [ECF 12]. Defendants complied with this Order by filing their pretrial memorandum on February 2, 2015, [ECF 13], and attending the scheduled final pretrial conference. [ECF 15]. Plaintiff neither filed a pretrial memorandum nor attended the final pretrial conference.

On February 6, 2015, this Court issued an Order noting Plaintiff's failure to comply with this Court's previous orders, and directing Plaintiff to respond to Defendants' motion for summary judgment by February 20, 2015. [ECF 14]. The Order further advised Plaintiff that

---

[1] By stipulation, the parties agreed to amend the caption and body of the complaint to correctly identify Police Officer Ned Felici, as the John Doe defendant. [ECF 8].

his "failure to comply with this Order shall be deemed a failure to prosecute this action and to comply with a court order, and will result in the entry of a default judgment against Plaintiff pursuant to Federal Rule of Civil Procedure 41(b) and an order granting Defendants' motion for summary judgment, as unopposed, without a merits analysis." As of the date of this Memorandum Opinion, Plaintiff has failed to respond to either Defendants' motion or this Court's above-described Orders.

**LEGAL STANDARD**

Rule 41(b) authorizes district courts to involuntarily dismiss an action, with prejudice, "where a plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See* Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Poulis*, 747 F.2d at 868. Recognizing that dismissals with prejudice or the entry of default judgment are "drastic sanctions," the Third Circuit in *Poulis*, instructed district courts to apply a six-factor balancing test to determine whether dismissal with prejudice or the entry of default judgment, as a sanction for a litigant's non-compliance with court orders, is appropriate. 747 F.2d at 867-68. Courts in this circuit generally apply the *Poulis* factors when considering either the entry of default judgment or the dismissal of a complaint, with prejudice. *See e.g., Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc.*, 2009 WL 2591153, at *2 (E.D. Pa. Aug. 20, 2009); *Fetter v. North American Alcohols, Inc.*, 2009 WL 2179659, at *2 (E.D. Pa. July 21, 2009); *Eggleston v. Lewis*, 2014 WL 690555, at *4 (M.D. Pa. Feb. 24, 2014); *Paschal v. McKeesport Elderly Housing Corp.*, 2007 WL 2317463, at *2 (W.D. Pa. Aug. 7, 2007).

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness

of sanctions other than dismissal or default; and (6) the meritoriousness of the claim and defenses. *Poulis*, 747 F.2d at 868. However, not all of the factors need weigh in favor of dismissal or the entry of default judgment against a plaintiff nor need be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). The decision to dismiss a complaint, with prejudice, or to enter default judgment, is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

As stated, it is within this Court's discretion to dismiss the complaint, with prejudice, or to enter default judgment against Plaintiff, should the review and balancing of the *Poulis* factors warrant such court action. Therefore, this Court will briefly highlight each factor to determine whether the dismissal of the complaint, with prejudice, and/or the entry of a default judgment should be entered.

### *1. Extent of Plaintiff's Responsibility*

Initially, Plaintiff was represented by counsel, who asked to withdraw his representation. Because Plaintiff is proceeding *pro se*, he alone is responsible for the failure to comply with this Court's Orders. *See Briscoe*, 538 F.3d at 258. His failures to comply with this Court's Orders cannot be attributed to any counsel or other party. Thus, this factor weighs in favor of the dismissal of the complaint, with prejudice, and the entry of default judgment against Plaintiff.

### *2. Prejudice to Defendants*

The prejudice to Defendants is due to Plaintiff's own conduct and inactions. As stated, Plaintiff has failed to respond to this Court's Orders directing him to file a pretrial memorandum, attend the final pretrial conference, and respond to Defendants' motion for summary judgment. These failures have forced Defendants to expend, otherwise unnecessary, time, and money to prepare and file their pretrial memorandum and motion for summary judgment, and to attend the final pretrial conference. In addition, by effectively abandoning this case prior to a final resolution, Plaintiff has prevented Defendants from obtaining relief in any way other than by dismissal of the complaint, with prejudice, or by the entry of default judgment. Under the circumstances, this prejudice factor weighs in favor of the dismissal of the complaint, with prejudice, and the entry of default judgment against Plaintiff.

### *3. Plaintiff's History of Dilatoriness*

Plaintiff's dilatory conduct has been outlined. Following the withdrawal of his counsel, Plaintiff has not undertaken any efforts to prosecute this matter himself or with other counsel. As stated, Plaintiff's dilatoriness is evidenced by his failure to comply with this Court's Orders directing him to file and serve a pretrial memorandum, attend the scheduled final pretrial conference and file a response to Defendants' motion for summary judgment. This factor also weighs in favor of the dismissal of Plaintiff's complaint, with prejudice, and/or the entry of default judgment.

### *4. Willfulness and Bad Faith Conduct*

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has stated that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad

faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Plaintiff's repeated failures to comply with this Court's Orders and, in particular, his failure to comply with the February 6, 2015 Order directing him to respond to Defendants' motion for summary judgment, evidences willfulness. Thus, this factor weighs in favor of the dismissal of the complaint, with prejudice, and the entry of default judgment.

### 5. *Effectiveness of Sanctions other than Dismissal, With Prejudice, and/or Entry of Default Judgment*

Plaintiff's repeated failures to comply with the numerous orders have deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future compliance. In light of the procedural history of this case, Plaintiff has simply ignored this Court's previous Order informing him that judgment would be entered against him if he failed to comply. In the absence of any mitigating circumstances or offered justification for his repeated failures, Plaintiff's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of the dismissal of his complaint, with prejudice, and the entry of default judgment.

### 6. *Meritoriousness of Plaintiff's Claims and Defendants' Defenses*

Though Plaintiff's counseled complaint may appear to set forth viable §1983 claims, since filing the complaint, Plaintiff has abandoned his claims by having conducted no discovery in support thereof. Defendants, on the other hand, have filed a substantive motion for summary judgment which points to Plaintiff's evident failure to obtain or produce evidence sufficient to meet his summary judgment burden on any of his claims. Because this Court is unable to fully weigh the merits, if any, of Plaintiff's claims, this final factor slightly weighs in favor of the dismissal of the complaint, with prejudice, and the entry of default judgment, or may be considered a neutral factor.

**CONCLUSION**

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors, individually and collectively, significantly weigh in favor of the dismissal of the complaint, with prejudice, and entry of default judgment against Plaintiff. As such, this Court will dismiss Plaintiff's complaint, with prejudice, and enter default judgment against Plaintiff. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.